NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID L REED, | No. 24-2705 |
| Plaintiff - Appellee, | D.C. No. 2:19-cv-00103-RFB-NJK |
| v. | |
| BEAN, Associate Warden; Lt GLENN FOWLER; ERIC ROMERO, | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| JAMES DZURENDA, Director, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted June 18, 2025[**]

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendants-appellants appeal from the district court's interlocutory order denying their motion to dismiss, on the basis of qualified immunity, David L. Reed's 42 U.S.C. § 1983 action alleging excessive force and failure-to-protect claims arising during pretrial detention. We have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *Garraway v. Ciufo*, 113 F.4th 1210, 1216 (9th Cir. 2024). We review de novo. *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010). We affirm.

The district court properly denied qualified immunity because Reed alleged facts sufficient to show that defendants-appellants violated the Fourteenth Amendment when they participated in pepper-spraying Reed three hours after visually verifying that he lay calmly in his bunk and posed no threat, and defendants-appellants' actions contravened clearly established law at the time of the incident. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1068-71 (9th Cir. 2016) (en banc) (setting forth standard for pretrial detainee claims under the Fourteenth Amendment); *Dunn*, 621 F.3d at 1199 (setting forth requirements for qualified immunity to apply); *Spain v. Procunier*, 600 F.2d 189, 195-96 (9th Cir. 1979) (explaining that chemical agents may not be used as punishment, and may be used in non-dangerous quantities only in situations reasonably likely to result in injury to persons or a substantial amount of valuable property).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**